[No. 13075.   Department One.   March 2, 1916.]

PUGET SOUND BRIDGE & DREDGING COMPANY, *Respondent*, v. GUARDIAN CASUALTY & GUARANTY COMPANY, *Appellant*, CHARLES S. JOHNS *et al.*, *Defendants*.[1]

PRINCIPAL AND SURETY—ACTION ON BOND—JUDGMENT—ON STIPULATION—PRIMARY LIABILITY FOR LIENS—RIGHTS OF SURETY—POSTPONEMENT OF LIABILITY. In an action upon a subcontractors' bond, where it appeared that the subcontractors and their surety were primarily liable in any event to discharge certain lien claimants whom the subcontractors had failed to pay, and the parties stipulated for present judgment for the amount of the established liens, pending the litigation of collateral issues between the contractor and subcontractors, the surety cannot, after entry of such judgment pursuant to stipulation, complain that the collateral issues between the contractor and subcontractors have not yet been determined or the ultimate liability of its principal fixed, or seek any postponement of its liability on the stipulated judgment until that event has transpired; since the surety's liability for the amount of the liens attached immediately upon breach of the bond, and equity will not permit postponement of the payment of the liens pending the trial of collateral issues, and, furthermore, the surety has its remedy over against the subcontractors given by statute and may avail itself of the benefit of any judgment finally entered.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 7, 1915, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court and a jury.   Affirmed.

*Reeves Aylmore, Jr.*, and *S. H. Kelleran*, for appellant.

*John W. Roberts*, for respondent.

[1]Reported in 155 Pac. 771.

CHADWICK, J.—Respondent, being a principal contractor upon the new King county courthouse, sublet to the firm of McDonald & Jones, whom we shall designate as defendants. Defendants in turn gave a bond with appellant as surety to respondent for the faithful performance of their contract, and for the payment of "laborers, mechanics and subcontractors and materialmen, and all persons who shall supply such person or persons or subcontractors with provisions and supplies for the carrying on of such work, all just debts, dues and demands incurred in the performance of such work."

Defendants did not meet all the claims falling within the terms of their bond, and within the terms of the bond required by the statute which was given by respondent. Respondent thereupon brought an action making defendants, appellant, and all having claims against the work, parties defendant. It asked the court to ascertain the amount of all claims falling within the terms of the bond, and to also fix the amount of damages claimed by it for breach of contract in certain enumerated particulars. Defendants answering, admitted that claims had been filed with the county auditor for certain claims and indebtedness which had been incurred by them, but denied the breaches of contract and the damages claimed by respondent. They excused the nonpayment of the claims of laborers, materialmen, etc., by alleging that more than $10,000 was due from respondent to defendants in damages resulting by reason of the defaults of respondent. The case went to trial. The issues arising out of the claims for damages and the counterclaims were submitted to a jury, which found generally in favor of the defendants, so that, upon a balance struck upon the claims for damages alone, defendants would be entitled to a judgment against respondent. However the jury found that there was due materialmen, etc., the sum of $7,618.22, which, of course, defendants were primarily liable to pay, and for which the appellant is liable.

The trial court granted a new trial upon the motion of

respondent. The record, other than the judgment roll, is not before us, but, from the recitals of the judgment, it would seem that the parties stipulated that a judgment might be entered in favor of the lien claimants for $7,618.22, and against the defendants and the appellant, and further, that, in the event that defendants did not do so, respondent might pay them, and that judgment should be entered in its favor and against defendants and appellant for the amount so paid. The judgment recites:

"That it was admitted by counsel in open court that the defendants McDonald & Jones and the Guardian Casualty & Guaranty Company were personally liable to the various claimants for such amount as the court should determine and fix the claim of each of said claimants to be, and that when the court had held and determined the amounts due to the respective claimants who had filed and proved their claims in open court, that the same should be considered and deemed to be a legal liability as against the defendants McDonald & Jones and the Guardian Casualty & Guaranty Company, for the amount of such liens and claims as was found due to each of said claimants, and for the aggregate amount found due to said claimants, and that the claims, liens and demands of said claimants should be finally disposed of as to all parties to the action without regard to the issues between McDonald & Jones and the Puget Sound Bridge & Dredging Company."

The court thereupon found the amount due lien claimants to be $7,854.72, and held further:

"It having been stipulated in open court before the hearing began upon the various motions and objections that without regard to what action might be taken by the court upon the various motions and objections, or as to the issues between McDonald & Jones and the Puget Sound Bridge & Dredging Company, and without prejudice in any manner to the rights of the Puget Sound Bridge & Dredging Company or McDonald & Jones or either of them in this proceeding in or any future action taken or proceeding had, that there should be a final determination and disposition as to all parties to the action of and in relation to the various and respective lien claimants and their said claims and demands" etc.

And further:

"That said claimants and each of them have and recover judgment from and against defendants McDonald & Jones and the Guardian Casualty & Guaranty Company for said amounts."

And further, that if defendants and the appellant fail to pay the lien claims, respondent may do so and:

"That upon the payment into the registry of this court by the Puget Sound Bridge & Dredging Company of the said sum of $7,854.72, it shall have and recover of and from the defendant Guardian Casualty & Guaranty Company, a judgment for and in the said sum of $7,854.72 . . .

"That upon the receipt of said sum of money by the clerk of this court, the clerk of this court shall then and there and forthwith enter a judgment in this cause in favor of the Puget Sound Bridge & Dredging Company and against the defendant Guardian Casualty & Guaranty Company, for and in the said sum of $7,854.72."

Appellant now complains that, upon a retrial of the collateral issues between respondent and defendants, it may eventuate that the defendants may be called upon to pay nothing to respondent, or a sum very much less than the amount of the lien claims, and that it cannot be called upon to pay until the liability of its principal is fixed finally and conclusively. Whatever appellant may have contended in the court below, it and the parties litigant could assuredly stipulate the judgment that was entered. The judgment reciting a stipulation, we must presume that it follows the stipulation.

But we take it that it is not so much the form of the judgment, or what was stipulated, that concerns appellant, as it is that a judgment was entered against it at a time when the differences between respondent and defendants are yet undetermined. In advancing this contention, appellants have failed to appreciate that its liability attached immediately upon the breach of the terms of its bond by defendants, and that it was the duty of the chancellor to render a judgment against those primarily liable as soon as the lien claims were established.

Equity will not permit the postponement of these claims pending the admeasurement of damages upon collateral issues between respondent and defendants.

Appellant has suffered no legal hurt.   Defendants admit the lien claims, and appellant agreed by its bond to pay them if defendants failed to do so.   It has its remedy over against defendants, and can employ the remedies given by statute to avail itself of the benefit of any judgment that may finally be entered against respondent.

The judgment is affirmed.

Morris, C. J., Mount, Ellis, and Fullerton, JJ., concur.